```
 1
 2                      UNITED STATES DISTRICT COURT
 3                     CENTRAL DISTRICT OF CALIFORNIA
                              SOUTHERN DIVISION
 4

 5
    APELDYN CORPORATION,          )
 6                                )
                                  )
 7        PLAINTIFF,              )
                                  )
 8        VS.                     ) CASE SA CV 10-1305-JVS(FFM)
                                  )
 9                                )
    AU OPTRONICS CORPORATION,     ) LOS ANGELES, CALIFORNIA
10  ET AL.,                       ) SEPTEMBER 21, 2010
                                  ) (10:50 A.M. TO 11:06 A.M.)
11        DEFENDANTS.             )
    _____)
12

13                              HEARING
              BEFORE THE HONORABLE FREDERICK F. MUMM
14                  UNITED STATES MAGISTRATE JUDGE

15

16

17
    APPEARANCES:             SEE NEXT PAGE
18
    COURT REPORTER:          RECORDED; COURT SMART
19
    COURTROOM DEPUTY:        JAMES MUNOZ
20

21  TRANSCRIBER:             DOROTHY BABYKIN
                             COURTHOUSE SERVICES
22                           1218 VALEBROOK PLACE
                             GLENDORA, CALIFORNIA   91740
23                           (626) 963-0566

24  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
    TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
25
```

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF:      MC KENNA LONG & ALDRIDGE LLP
 2                           BY:  ROBERT ANTHONY COCCHIA
                                  ATTORNEY AT LAW
 3                           300 SOUTH GRAND AVENUE
                             14TH FLOOR
 4                           LOS ANGELES, CALIFORNIA   90071

 5   FOR THE DEFENDANTS:     LEWIS BRISBOIS BISGAARD & SMITH
                             BY:  KENNETH D. WATNICK
 6                                ATTORNEY AT LAW
                             221 NORTH FIGUEROA STREET
 7                           SUITE 1200
                             LOS ANGELES, CALIFORNIA   90012
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                              I N D E X
CASE NO. SA CV 10-1305-JVS(FFM)              SEPTEMBER 21, 2010

PROCEEDINGS:  PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF
              THIRD PARTY VIZIO
```

1

2

3

                              I N D E X
    CASE NO. SA CV 10-1305-JVS(FFM)              SEPTEMBER 21, 2010

    PROCEEDINGS:  PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF
                  THIRD PARTY VIZIO

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              LOS ANGELES, CALIFORNIA; TUESDAY, SEPTEMBER 21, 2010
 2                             10:50 A.M.
 3              THE CLERK:  CALLING CASE SA CV 10-1305, APELDYN
 4   CORPORATION V. AU OPTRONICS CORPORATION.
 5              APPEARANCES, PLEASE.
 6              MR. COCCHIA:  GOOD MORNING, YOUR HONOR.
 7              ROBERT COCCHIA FROM MC KENNA LONG & ALDRIDGE FOR
 8   PLAINTIFF APELDYN CORPORATION.
 9              THE COURT:  GOOD MORNING.
10              MR. WATNICK:  GOOD MORNING, YOUR HONOR.
11              KENNETH WATNICK FOR THIRD-PARTY WITNESS VIZIO.
12              THE COURT:  GOOD MORNING.
13              ALL RIGHT.  THIS IS A MOTION TO COMPEL COMPLIANCE
14   WITH A THIRD-PARTY SUBPOENA.
15              ALL RIGHT.  I'VE READ THROUGH ALL THE PAPERS, AND
16   THIS IS MY THINKING.
17              INITIALLY WITH RESPECT TO THE DEPOSITION CATEGORIES
18   -- WELL, I GUESS I SHOULD START AT THE VERY BEGINNING.  IT
19   APPEARS AS IF VIZIO BELATEDLY SERVED OBJECTIONS TO THE
20   SUBPOENA.  SO, THE INITIAL QUESTION IS WHETHER OR NOT THERE
21   IS A WAIVER OF ANY OBJECTIONS.  AND I DON'T REALLY SEE ANY
22   GOOD CAUSE FOR THE LATE OBJECTION.  HOWEVER, GIVEN THE
23   BREADTH OF THE REQUESTS, I THINK IT WOULD BE APPROPRIATE TO
24   RELIEVE VIZIO OF ANY DEFAULT WITH RESPECT TO WAIVING
25   OBJECTIONS.  SO, I WILL GO AHEAD AND CONSIDER THE OBJECTIONS.
```

1           THEN, MOVING TO THE DEPOSITION CATEGORIES, CATEGORY
2    NUMBER 1 IT SEEMS TO ME FAIRLY -- SHOULD BE LIMITED TO
3    DEPOSING A PERSON WHO'S ABLE TO AUTHENTICATE THE DOCUMENTS
4    RATHER THAN EXPLAIN THE SUBSTANCE OF EACH DOCUMENT.
5           AND WITH RESPECT TO CATEGORY NUMBER 11, IT SEEMS
6    THAT IT IS APPROPRIATE TO HAVE A WITNESS TESTIFY AS TO WHAT
7    EFFORTS WERE MADE TO SEARCH FOR THE DOCUMENTS AND TO EXPLAIN
8    THE DOCUMENT AND EMAIL RETENTION POLICIES.
9           BUT THE CATEGORIES 2 THROUGH 10 APPEAR TO BE
10   EXTREMELY OVERBROAD AND PARTICULARLY BURDENSOME GIVEN THAT
11   MOST OF THE INFORMATION WOULD APPEAR TO BE AVAILABLE FROM
12   DOCUMENTS.  AND GIVEN THE FACT THAT VIZIO IS NOT A PARTY IN
13   THIS CASE, I FIND IT MORE APPROPRIATE THAT FIRST THE
14   DOCUMENTS BE OBTAINED, AND THEN IF IT BECOMES NECESSARY TO
15   FLUSH SOMETHING OUT WITH RESPECT TO DOCUMENTS, THEN, NOTICING
16   THE DEPOSITION.
17          SO, MY TENTATIVE WOULD BE TO GRANT THE MOTION TO
18   COMPEL WITH RESPECT TO DEPOSITION CATEGORIES 1 AND 11, 1
19   BEING LIMITED TO AUTHENTICATION OF THE DOCUMENTS PRODUCED;
20   AND TO DENY WITHOUT PREJUDICE 2 THROUGH 10 SO THAT THAT COULD
21   BE REVISITED AFTER THE DOCUMENTS ARE PRODUCED AND AN
22   ADDITIONAL DEPOSITION COULD BE SCHEDULED AT THAT TIME.
23          NOW, WITH RESPECT TO THE NEXT ISSUE, WHICH IS THE
24   DOCUMENT PRODUCTION, VIZIO ASSERTS THAT AT ONE POINT THERE
25   WAS AN AGREEMENT TO LIMIT THE SCOPE.  AND IN LOOKING AT THE

1  DOCUMENT REQUESTS THEY SEEM VERY, VERY BROAD.  IT MAY BE
2  SOMETHING VERY APPROPRIATE FOR A PARTY, BUT IT SEEMS A LITTLE
3  EXCESSIVE FOR A NON-PARTY.
4           SO, MY TENTATIVE WOULD BE ON THAT THAT THE WAY THAT
5  VIZIO HAS EXPLAINED HOW THE PARTIES HAD AGREED TO LIMIT THE
6  PRODUCTION, THAT APPEARS TO BE REASONABLE TO ME.  AND, OF
7  COURSE, I'LL HEAR FROM PLAINTIFF AS TO WHETHER OR NOT THEY
8  REALLY DID AGREE TO THAT AND WHETHER OR NOT THAT'S GOING TO
9  SATISFY WHAT IT IS THEY NEED TO DO.  BUT TO THE EXTENT THAT
10 IT WOULD, THE MOTION TO COMPEL MY TENTATIVE WOULD BE TO GRANT
11 IT WITH RESPECT TO THE AGREEMENT ON LIMITING THE SCOPE OF THE
12 PRODUCTION.
13          NOW, WITH RESPECT TO COPY COSTS, I THINK IT'S
14 APPROPRIATE THAT THE PLAINTIFF PAY THE COPY COSTS.
15 ORDINARILY WHEN YOU'VE GOT PARTIES IN LITIGATION EACH SIDE IS
16 GOING TO PAY FOR THEIR OWN BECAUSE IT KIND OF CANCELS OUT.
17 BUT WHEN YOU HAVE A NON-PARTY WHO'S NOT INVOLVED IN THE
18 LITIGATION, AND THERE SEEMS TO BE SOME QUESTION AS TO WHETHER
19 OR NOT THE COSTS ARE GOING TO BE REASONABLE OR NOT, WELL, MY
20 TENTATIVE WOULD BE THAT I WOULD AWARD COPYING COSTS AS LONG
21 AS THEY WERE STANDARD COSTS AND THEY WERE ACTUAL COSTS SO
22 THAT THERE'S NO INFLATING OF THE COSTS IN ORDER TO MAKE MONEY
23 OFF THE PRODUCTION.
24          WITH THE ATTORNEY'S FEES, IT'S JUST -- IT'S HARD
25 FOR ME TO TELL ON THIS RECORD.  IT MAY BE THAT EXCESSIVE FEES

```
 1   WOULD BE INVOLVED AND IT MAY NOT BE.
 2             WHAT MY TENTATIVE WOULD BE ON THIS WOULD BE TO
 3   ORDER COMPLIANCE AND, THEN, TO HAVE VIZIO ITEMIZE ITS FEES,
 4   SEE IF THE PARTIES CAN WORK THAT OUT.  AND IF NOT, THEN,
 5   VIZIO COULD FILE AN ITEMIZATION OF ITS FEES.
 6             AND THE PLAINTIFF COULD OBJECT, AND I WOULD RULE ON
 7   WHETHER OR NOT THEY'RE RECOVERABLE AND THE AMOUNT THAT WOULD
 8   BE RECOVERABLE DEPENDING ON HOW BURDENSOME THE ACTUAL
 9   PRODUCTION TURNS OUT TO BE.
10             SO, I GUESS I'LL HEAR FROM THE PLAINTIFF.
11             MR. COCCHIA:  THANK YOU, YOUR HONOR.
12             FIRST I'D LIKE TO ADDRESS THE ISSUE OF THE WAIVER
13   AND ASK THAT THE COURT RECONSIDER THAT.  I DON'T THINK
14   THERE'S ANY DISPUTE BETWEEN THE PARTIES AS TO THE LAW
15   REGARDING WAIVER.  AND WE BOTH CITE TO -- OR THE PAPERS CITE
16   TO THE CASE REGARDING MC COY VERSUS SOUTHWEST AIRLINES.  AND
17   SAID, "IN ORDER FOR THERE TO BE A RELIEF FROM WAIVER IT WOULD
18   HAVE TO BE SOME UNUSUAL CIRCUMSTANCES."
19             THOSE UNUSUAL CIRCUMSTANCES DO NOT APPLY HERE.
20             THE THREE FACTORS THAT ARE ALL REQUIRED ARE, NUMBER
21   ONE, THAT THE SUBPOENA BE OVERBROAD ON ITS FACE.  I KNOW THAT
22   YOU FOUND THAT THE SUBPOENA IS OVERBROAD ON ITS FACE.  AND I
23   WON'T PUSH THAT POINT BECAUSE I THINK THE THIRD POINT MAKES
24   IT CLEAR THAT THERE IS A WAIVER.
25             AND THAT THIRD POINT IS THAT THE COUNSEL FOR THE
```

1   WITNESS IS IN CONTACT WITH THE SUBPOENAING PARTY CONCERNING
2   THE WITNESS'S COMPLIANCE PRIOR TO THE TIME THE WITNESS
3   CHALLENGED THE LEGAL BASIS FOR THE SUBPOENA.
4            HERE THE SUBPOENA WAS SERVED ON FEBRUARY 2ND.  IT
5   WASN'T JUST SERVED THROUGH CT CORPORATION.  IT WAS SERVED BY
6   CERTIFIED MAIL TO THE GENERAL COUNSEL OF VIZIO ON FEBRUARY
7   2ND.
8            AND THE REASON THAT WAS DONE WAS BECAUSE A PRIOR
9   SUBPOENA HAD BEEN SERVED BACK IN AUGUST -- BACK ON AUGUST
10  25TH OF 2009.  AND THERE WAS NO RESPONSE FROM VIZIO
11  WHATSOEVER.
12           SO, THIS TIME AROUND -- AND THERE WAS A PROCEDURAL
13  DELAY IN THE CASE.  THIS TIME AROUND AN AMENDED SUBPOENA WAS
14  SERVED.  AND JUST TO MAKE SURE THEY GOT IT, AND THEY
15  UNDERSTOOD THEY NEEDED TO RESPOND TO IT, A COPY WAS SERVED ON
16  GENERAL COUNSEL.  AND THEN THERE WAS SILENCE.
17           THERE WERE TWO VOICEMAILS LEFT FOR THE GENERAL
18  COUNSEL PRIOR TO THE DATE -- THE RETURN DATE ON THE SUBPOENA.
19  NO RESPONSE.  THERE WAS A LETTER PRIOR TO THE RETURN DATE.
20  NO RESPONSE.  AND ALL THESE ARE EXHIBITS IN THE MOTION.
21           AND IT WASN'T UNTIL EXHIBIT H THAT WE SENT A LETTER
22  TO GENERAL COUNSEL SAYING, OKAY.  WE HAVE NO CHOICE HERE.
23  YOU PASSED THE RESPONSE DATE.  WE'VE GOT NO RESPONSE TO OUR
24  VOICEMAILS AND LETTER.  WE'VE GOT TO FOLLOW LOCAL RULE 37.1.
25  LET'S GET THE PROCESS STARTED.

1          THEN, THEY RESPOND. AND THERE'S A MEET AND CONFER,
2  AND THERE'S SOME BACK AND FORTH.
3          AND THERE WERE SOME CONCESSIONS BY MY CLIENT. AND
4  THAT'S CONTAINED IN EXHIBIT R. I THINK IT'S THE APRIL 20
5  LETTER, WHERE WE AGREED FOR SOME OF THE THINGS SUCH AS THE
6  SALES NUMBERS. WE'LL AGREE TO A SUMMARY CHART FOR THE THINGS
7  RELATED TO WHAT PARTS VIZIO IS SHIPPING OUT THAT WE CLAIM ARE
8  INFRINGING OUR PATENT. WE'LL ACCEPT A SUMMARY CHART OF WHAT
9  THOSE MODEL NUMBERS ARE. WE WERE TRYING TO WORK WITH THEM.
10 AND IF THAT'S THE CONCESSIONS WE'RE TALKING ABOUT, WE'RE
11 STILL AGREEABLE TO THAT.
12         AFTER THAT WAS DONE, AGAIN, RADIO SILENCE FOR
13 SEVERAL WEEKS FORCING US TO GO AGAIN AND THREATEN THE MOTION
14 TO COMPEL. AND, THEN, WE GET MR. WATNICK'S FIRM INVOLVED.
15         IN THESE CIRCUMSTANCES THE PRIVILEGES HAVE BEEN
16 WAIVED -- THE ATTORNEY-CLIENT PRIVILEGE HAS BEEN WAIVED. AND
17 THE REASON WHY THAT IS IMPORTANT IS BECAUSE I THINK IT BEARS
18 ON THE ATTORNEY'S FEES ISSUE. WHAT WE'RE ASKING FOR IS SALES
19 NUMBERS, PRODUCT NUMBERS, AND COMMUNICATIONS WITH THE
20 DEFENDANT IN THE CASE.
21         THE ATTORNEY-CLIENT PRIVILEGE HAS BEEN WAIVED. I
22 DON'T SEE HOW THERE'S GOING TO BE ANY NEED FOR ATTORNEY'S
23 FEES IN THIS CASE. CERTAINLY, NOT THE 30 TO 60 THOUSAND
24 DOLLARS THAT WERE ESTIMATED BY VIZIO OR THE 200 HOURS OF
25 ATTORNEY TIME THAT WAS ESTIMATED BY VIZIO, BOTH OF WHICH

```
 1   THERE WAS NEVER ANY SUPPORT GIVEN FOR.
 2            SO, IT WOULD BE OUR POSITION -- AND I UNDERSTAND
 3   THE TENTATIVE WITH RESPECT TO HAVING THE DOCUMENTS FIRST AND
 4   THE DEPOSITION SECOND.  WHOLEHEARTEDLY AGREE WITH THAT.  THE
 5   ONLY REASON IT WASN'T DONE ORIGINALLY IS BECAUSE OF THE
 6   SCHEDULING ORDER IN THE CASE THAT SAID IT ALL HAD TO BE
 7   COMPLETED BY OCTOBER 15TH.  IT'S MY UNDERSTANDING THAT WE CAN
 8   TAKE THE DEPOSITION AFTER OCTOBER 15, BUT WE STILL NEED THE
 9   DOCUMENTS BEFORE THAT DATE ACCORDING TO THE COURT'S
10   SCHEDULING ORDER.
11            SO, WE ARE FINE WITH GETTING THE DOCUMENTS FIRST
12   AND DETERMINING WHO MIGHT BE THE RIGHT PERSON TO DEPOSE.  IT
13   MAY NOT HAVE TO BE A PMK ON EVERY COMMUNICATION.  IT MIGHT BE
14   THIS DOCUMENT WE WANT TO TALK ABOUT FROM THIS DATE AND THIS
15   PERSON.
16            AND WE'RE AGREEABLE TO THE CONCESSIONS GIVEN THAT
17   ARE STATED IN EXHIBIT R.  BUT WE DO BELIEVE STRONGLY THAT THE
18   COURT SHOULD RULE THAT ATTORNEY'S FEES AREN'T ALLOWABLE OR
19   CREDIBLE IN THIS CASE.  PERHAPS FOR THE DEPOSITION PREP
20   THAT'S A DIFFERENT ISSUE, BUT FOR THE DOCUMENT REVIEW AND
21   PRODUCTION, THE ATTORNEY-CLIENT PRIVILEGE HAS BEEN WAIVED.
22   THERE'S NO NEED FOR ATTORNEYS TO GO THROUGH THESE DOCUMENTS
23   TO DETERMINE WHETHER OR NOT THE PRIVILEGE EXISTS.  AND, SO,
24   THERE SHOULDN'T BE ANY COST FOR ATTORNEY REVIEW.
25            AND OTHER THAN THAT, I'M AGREEABLE WITH THE
```

```
 1   TENTATIVE.
 2              THE COURT:  ALL RIGHT.  THANK YOU.
 3              MR. WATNICK:  YOUR HONOR, WE'D SUBMIT ON THE
 4   TENTATIVE WITH RESPECT TO THE ISSUE OF ATTORNEY'S FEES.
 5   WHETHER THEY'RE REASONABLE OR NOT, I UNDERSTAND THAT'S FOR
 6   ANOTHER DAY.  SO, I WON'T RAISE ANY ARGUMENTS ON THAT.
 7              WITH RESPECT TO THE ISSUE OF WAIVER, I THINK THE
 8   CASE LAW ALLOWS IT.  AND REGARDLESS IN THIS CONTEXT WHEN
 9   WE'RE DEALING WITH A SITUATION OF VERY, VERY BROAD REQUESTS
10   AND A MOTION TO COMPEL, YOU ALSO HAVE DISCRETION.
11              THE COURT:  ALL RIGHT.  WELL, YOU HEARD THE
12   ARGUMENTS BEFOREHAND IN THE EARLIER MATTER.  AND I THINK THAT
13   THE WAY THAT THE RULE 45 IS WORDED THAT WHEN THE MOTION IS
14   BROUGHT, THAT I HAVE TO HAVE SOME APPORTIONMENT OF COSTS.
15   AND, SO, YOU KNOW, BEFORE THE FACT IT'S SORT OF HARD TO
16   FIGURE IT OUT.  IT'S THE -- THE ONLY THING THAT I THINK I CAN
17   DO IS GIVE SOME GUIDELINES SO THAT THE PARTIES HAVE SOME IDEA
18   OF WHAT THEY'RE EMBARKING UPON BEFORE --
19              AND THE FIRST THING WOULD BE THAT EVERYONE HAS AN
20   OBLIGATION TO COMPLY WITH DISCOVERY REQUESTS.  AND WHETHER
21   YOU'RE A PARTY OR NOT JUST BEING IN THIS COUNTRY THAT'S ONE
22   OF THE DUTIES THAT YOU HAVE.
23              SO, I DON'T THINK THAT YOU AUTOMATICALLY SHOULD
24   HAVE ALL OF THE ATTORNEY'S FEES COVERED.  ON THE OTHER HAND,
25   NOT BEING A PARTY TO THE CASE, IT IS UNFAIR FOR THE PARTIES
```

1    TO SHIFT THE BURDEN OF COSTS ON TO THE RESPONDING PARTY.

2         SO, THAT WAS ESSENTIALLY IN THE TENTATIVE WHEN I

3    SUGGESTED THAT THE PARTIES LOOK AT IT AFTER HAVING COMPLIED.

4    I WILL SUGGEST THAT I WOULD BE UNLIKELY TO AWARD AMOUNTS LIKE

5    30, 40 THOUSAND DOLLARS OR WHATNOT.

6         I WOULD AWARD ACTUAL COPYING COSTS AND, THEN,

7    DEPENDING ON WHAT HAPPENED WITH THE LAWYERS, MAYBE SOME

8    ATTORNEY'S FEES BUT, AGAIN, NOT NEARLY AS HIGH AS APPARENTLY

9    VIZIO IS LOOKING AT.

10        NOW, WITH RESPECT TO THE WAIVER ISSUE, I WILL TAKE

11   ANOTHER LOOK AT IT.  BUT I'M PRETTY CONVINCED THAT I CAN

12   RELIEVE THE WAIVER.  IT IS TRUE HERE THAT THERE WAS

13   ABSOLUTELY NO CONTACT PRIOR TO THE DATE REQUIRED FOR

14   COMPLIANCE WITH THE SUBPOENA.  AND THE CASES THAT ARE CITED

15   WOULD SEEM TO SUGGEST THAT THAT IS ONE OF THE FACTORS, BUT I

16   HAVE TO THINK THAT I'M NOT LIMITED BY THAT.  I NOTE THAT THE

17   CASES ARE FOR THE MOST PART DISTRICT COURT CASES.  I DON'T

18   KNOW IF ANYONE HAS REFERRED TO A NINTH CIRCUIT CASE.  THAT

19   WOULD SEEM TO LIMIT --

20        MR. COCCHIA:  THE MC COY CASE I CITED IS A CENTRAL

21   DISTRICT OF CALIFORNIA CASE.

22        THE COURT:  OKAY.  SO, THERE'S NO -- THERE'S NO

23   NINTH CIRCUIT COURT OF APPEAL CASE.

24        MR. COCCHIA:  OH.

25        THE COURT:  THAT'S WHAT I MEANT.

```
 1                MR. COCCHIA:  THAT'S CORRECT, YOUR HONOR.
 2                THE COURT:  YES.
 3                SO, YOU KNOW, CERTAINLY THEY MAY BE PERSUASIVE, BUT
 4    THAT'S NOT BINDING ON ME.  BUT I'LL TAKE ANOTHER LOOK AT
 5    THAT.
 6                NOW, WITH RESPECT TO THE -- MY TENTATIVE WOULD
 7    STAND WITH RESPECT TO THE DEPOSITION CATEGORIES.
 8                AND, THEN, WITH RESPECT TO DOCUMENT PRODUCTION I
 9    WANT TO MAKE SURE THAT EVERYBODY IS CLEAR AS TO WHAT IT IS
10    THAT'S GOING TO BE PRODUCED.  BECAUSE IT SOUNDS LIKE THERE
11    MIGHT BE SOME -- I DON'T KNOW IF IT'S A MISCOMMUNICATION,
12    MISUNDERSTANDING OR NOT QUITE BEING ON THE SAME PAGE --
13                MR. COCCHIA:  RIGHT.
14                THE COURT:  I NOTE THAT VIZIO IN THEIR DOCUMENTS
15    WENT THROUGH ITEM BY ITEM SAYING THIS HAS BEEN RESOLVED, THIS
16    HAS BEEN RESOLVED.  AND, SO, I'M NOT SURE IF PLAINTIFF AGREES
17    WITH THAT OR NOT.
18                MR. WATNICK:  YOUR HONOR, NUMBER ONE, I THINK IN
19    THE JOINT STIPULATION STARTING ON PAGES 30 THROUGH 34, I'VE
20    SET FORTH THE AGREEMENT.  AND I'M HAPPY TO WORK WITH MR.
21    COCCHIA TO MEET AND CONFER AND MAKE SURE -- I DON'T THINK WE
22    HAVE ANY DISAGREEMENT ON THESE ISSUES, BUT I THINK WE SHOULD
23    BE ABLE TO RESOLVE IT IN TERMS OF SCOPE --
24                THE COURT:  ALL RIGHT.
25                MR. WATNICK:  -- INFORMALLY.
```

```
 1                THE COURT:  ALL RIGHT.  WELL, MY ORDER THEN WOULD
 2   BE THAT I'M GRANTING THE MOTION WITH RESPECT TO HOW THE
 3   PARTIES HAD AGREED ON IT.  AND IF YOU HAVE SOME PROBLEM, AND
 4   YOU HAVEN'T REALLY AGREED, THEN, LET ME KNOW, AND WE CAN --
 5   I'LL HAVE A FURTHER HEARING.
 6                SO, I'M RESERVING THE ACTUAL AWARD OF FEES.  I'M
 7   GRANTING THE MOTION AS INDICATED.  AND I WILL TAKE ANOTHER
 8   LOOK AT THE WAIVER ISSUE.  BUT I SEE THAT WAIVER ISSUE AS
 9   MORE AFFECTING PROBABLY THE COMPUTATION OF FEES THAN ANYTHING
10   ELSE.
11                MR. COCCHIA:  THAT'S CORRECT.
12                THE COURT:  ANYTHING ANYONE ELSE WANT?
13                MR. COCCHIA:  NO.
14                MR. WATNICK:  JUST REAL QUICK, YOUR HONOR, I THINK
15   WE NEED APPROXIMATELY TWO WEEKS TO GET THIS DONE.
16                THE COURT:  AND WHAT IS THE DISCOVERY CUT-OFF?
17                MR. COCCHIA:  FOR THIRD PARTIES, IT'S OCTOBER 15TH
18   FOR WRITTEN DISCOVERY, FOR DOCUMENT PRODUCTION.
19                MR. WATNICK:  I THINK WE CAN GET IT DONE BEFORE
20   OCTOBER 15TH.  AND I'M GOING TO DO MY BEST TO GET IT DONE
21   WITHIN TWO WEEKS.
22                THE COURT:  ALL RIGHT.  SO, I'LL ORDER THAT THE
23   PRODUCTION BE WITHIN TWO WEEKS.
24                AND, THEN, WITH RESPECT TO THE DEPOSITION, HOW DO
25   YOU WANT TO SCHEDULE THAT?  YOU'VE GOT --
```

```
 1              MR. COCCHIA:  WELL, IT'S MY UNDERSTANDING THAT WE
 2   CAN DO IT AFTER OCTOBER 15TH, YOUR HONOR, SO WE CAN SCHEDULE
 3   IT.  ONCE WE HAVE THE DOCUMENTS AND DETERMINE, A, IF WE NEED
 4   THE DEPOSITION AND, B, MORE POINTEDLY, WHO IT WOULD BE.  IT
 5   WOULD PROBABLY BE THE CUSTODIAN OF THE ACTUAL -- OR THE
 6   AUTHOR OR RECIPIENT OF THE DOCUMENT TO MAKE IT EASIER.
 7              MR. WATNICK:  THAT'S FINE.
 8              MAY I ASK FOR THREE WEEKS OUT OF AN ABUNDANCE OF
 9   CAUTION.  BECAUSE THE BIGGEST PROBLEM I KNOW IS THEY WERE
10   LOOKING FOR PRODUCT MANUALS GOING BACK TO 2002, AND THAT'S A
11   LITTLE BIT OF A TASK.
12              THE COURT:  ALL RIGHT.  SO, THAT WOULD STILL PUT US
13   BEFORE THE CUT-OFF.
14              MR. COCCHIA:  YES, IT WOULD.
15              THE COURT:  ALL RIGHT.  SO, THREE WEEKS FOR THE
16   PRODUCTION.
17              MR. COCCHIA:  OKAY.  THANK YOU, YOUR HONOR.
18              MR. WATNICK:  THANK YOU, YOUR HONOR.
19              THE COURT:  THANK YOU, COUNSEL.
20              THE CLERK:  COURT IS NOW ADJOURNED.
21              (PROCEEDINGS CONCLUDED 11:06 A.M.)
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2
 3         I CERTIFY THAT THE FOREGOING IS A CORRECT
 4   TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE
 5   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
 6
 7
 8
 9   DOROTHY BABYKIN                            1/11/11
10   _____        _____
11   FEDERALLY CERTIFIED TRANSCRIBER            DATED
12   DOROTHY BABYKIN
13
14
15
16
17
18
19
20
21
22
23
24
25
```